IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROSE E. PARGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-08-CA-0144-FM |
| | § | |
| KUEHNE + NAGEL INC. | § | |
| and MONICA LARIOS, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Defendants KUEHNE + NAGEL INC. ("K+N") and MONICA LARIOS ("Larios") file this Response to Plaintiff's Motion to Remand and in support thereof, respectfully shows the following:

On April 29, 2008, Defendants removed this cause from state court to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiff filed her Motion to Remand on May 29, 2008 arguing that Defendants' removal was untimely under 28 U.S.C. § 1446(b) and that this Court lacks original jurisdiction because complete diversity is lacking and the amount in controversy does not exceed $75,000.00 pursuant to 28 U.S.C. § 1332(a).

Essentially, Plaintiff's argument can reduced to the following: she wants the Court to **disregard** her affirmative pleading to find that it was facially apparent that the case was removable within thirty days of filing, and in the alternative, she wants the Court to **rely** on her affirmative pleading to find that is not removable. Plaintiff cannot have it both ways and the Court should not condone this clear manipulation. Consequently, Plaintiff's Motion to Remand should be denied.

## INTRODUCTION AND FACTS

Plaintiff ROSE E. PARGA ("Plaintiff") filed an Original Petition in this cause on August 8, 2007 in state court alleging employment discrimination in violation of Chapter 21 of the Texas Labor Code, negligent supervision and training. [Exhibit 1: Plaintiff's Original Petition]. The only defendant named in Plaintiff's Original Petition was K+N, an entity incorporated in the State of New York with its principal place of business in the State of New Jersey. Pursuant to Plaintiff's Original Petition, Plaintiff resides in El Paso County, Texas, and in reliance on that pleading, is a citizen of the State of Texas. Accordingly, Plaintiff and K+N are diverse parties for the purposes of this lawsuit. K+N timely filed its Special Exceptions and Original Answer in state court on September 20, 2007.

The damages sought by Plaintiff included, but were not limited to: back pay, front pay, compensatory damages for mental anguish, emotional distress, punitive damages and attorney's fees. [Exhibit 1, Sections VII and X]. Additionally, Plaintiff pled that her "damages do no [sic] exceed $75,000 exclusive on [sic] interest and costs." [Exhibit 1, Section VII]. As a result of Plaintiff's self-imposed cap on her damages, which avoids the jurisdictional limits of this Court by $.01, Plaintiff rendered the case non-removable. On March 19, 2008, K+N served Plaintiff with discovery requests to test the validity of her averred damages.

On April 17, 2008, Plaintiff filed her First Amended Petition in which she added Monica Larios ("Larios"), a Texas citizen, as a defendant. [Exhibit 2]. Other than a short statement describing where Larios may be served, the First Amended Petition contains the identical allegations and wording of Plaintiff's Original Petition. The very next day, on April 18, 2008, Plaintiff responded to Defendant's Request for Admissions and Request for Disclosures. In her responses

12307.08100/GISA/PLEA-1/1018525.1

2

to the Request for Admissions, Plaintiff refused to admit or deny that: her damages would exceed

$75,000; she will direct her attorney to sign a stipulation that damages would not exceed $75,000;

and she would never ask a jury to award more than $75,000. [Exhibit 3].

In response to Defendant's Request for Disclosures, Plaintiff provided the following

information regarding the amount and method of calculating economic damages:

> Plaintiff's future medical bills are undetermined at this time. Plaintiff has approximately
> $19,136 in lost wages. Plaintiff was making $10.40 per hour and missed approximately 46
> weeks from work. $10.40 x 40 = $416.00 x 46 weeks missed to date = $19,136 in lost wages.
> *Plaintiff's future lost wages, loss of benefits, and loss of credit reputation are undetermined*
> *at this time.*

[Emphasis added] [Exhibit 4].

## ARGUMENT AND AUTHORITIES

**A.    Timeliness of Removal**

*1.    Standard*

The general requirements for removal jurisdiction based on diversity are well established.

"[A]ny civil action brought in a State court of which the district courts have original jurisdiction,

may be removed by the defendant or the defendants, to the district court of the place where such

action is pending." 28 U.S.C. § 1441(a). Diversity jurisdiction requires that the action be between

citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.

A case may not be removed on the basis of diversity of citizenship jurisdiction more than one year

after commencement of the action. 28 U.S.C. § 1446(b).

Title 28 U.S.C. § 1446(b) governs the timeliness of notices of removal and provides in

relevant part:

The notice of removal of a civil action or proceeding shall be filed within thirty days after

receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or *other paper* from which it *may be first ascertained* that the case is one which is or has become removable . . . except [a case is not removable] more than 1 year after commencement of this action.

[Emphasis added].

Upon receipt of the initial petition, a defendant must remove a case within 30 days if it is "facially apparent" that the claims exceed $75,000. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The 30-day period starts to run from defendant's receipt of the initial pleading only when that pleading "affirmatively reveals" on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). Thus, the Fifth Circuit adopted a "bright line rule" that if the plaintiff wishes the 30-day time period to run from the defendant's receipt of the initial pleading, the plaintiff must plead a specific allegation that damages are in excess of $75,000. *Id.*

### 2.    *Defendants Timely Removed This Action*

In this case, Plaintiff affirmatively pled that her damages would not exceed $75,000. [Exhibit 1, Section VII]. Therefore, by her pleading, Plaintiff rendered the case not-removable on the face of her petition, and the 30-day time period could not begin to run.

Nevertheless, Plaintiff argues that Defendants have admitted that it is "facially apparent" from Plaintiff's Original Petition that the amount in controversy exceeds $75,000, and therefore, the Notice of Removal was untimely. [Motion to Remand, pp. 3-4]. Plaintiff misreads Defendants'

12307.08100/GISA/PLEA-1/1018525.1

4

Notice of Removal, which clearly states that Plaintiff's Original Petition "*would* be facially apparent that the claims exceed $75,000" but for Plaintiff's affirmative assertion that they do not. [Emphasis added] [Exhibit 5, pp.4-5]. Pursuant to Texas Rule of Civil Procedure 13, the effect of signing a pleading certifies that its contents are not groundless and brought in bad faith, and therefore, in accordance with its contents, Plaintiff's signed Original Petition was not removable on its face.

Plaintiff's Original Petition does not "affirmatively reveal" anything other than an attempt to manipulate the Court's jurisdiction.[1] Plaintiff is estopped from arguing that it is "facially apparent" from her Original Petition that damages would exceed $75,000, while at the same time pleading that such damages would not exceed $75,000. Surely, had K+N attempted to remove within thirty days of receipt of the initial petition, Plaintiff would have pointed to the Original Petition to argue that the amount in controversy makes the case not removable on its face.

When a case is not otherwise removable by the initial pleading, the second paragraph of 28 U.S.C. § 1446(b) provides defendants with the opportunity to remove a case based on the receipt of "other paper from which it may be first ascertained" that the case is removable. Courts have accepted discovery responses to constitute "other paper" under § 1446(b). *See Freeman v. Witco Corp.*, 984 F.Supp. 443 (E.D. La. 1997).

The type of damages sought by Plaintiff would have made it facially apparent that the claims

---

[1] Indeed, Plaintiff has even deviated from proper Texas pleading practice to avoid removal. In state court, a plaintiff's original pleading shall only contain a statement that the damages sought are within the jurisdictional limits of the court. *See* Tex. R. Civ. P.47. A plaintiff shall be required to amend to specify the maximum amount claimed only upon defendant's special exception. *Id*. Plaintiff argues that Defendants should have specially excepted to establish the maximum amount in controversy. [Motion to Remand, footnote 3]. This argument, however, ignores the fact that Plaintiff had preemptively specified that her damages would not exceed $75,000. Therefore, a special exception would have been futile.

exceeded $75,000 but for Plaintiff's allegation that such was not true. Plaintiff cites *Burroughs v. Raytheon Technical Svs. Co.*, 2006 WL 897678 (W.D. Tx.) for the proposition that the nature of a plaintiff's claims should put defendant on notice that the case is removable. The *Burroughs* case and other similar cases, however, apply to state court petitions that are filed in accordance with state court rules and do <u>not</u> plead a specific amount. *Id.* at * 3. Here, Plaintiff's affirmative pleading made the case non-removable on its face. Accordingly, to resolve the discrepancy inherent in Plaintiff's Original Petition and in compliance with FED. R. CIV. P. 11 requiring a reasonable inquiry prior to filing a notice of removal, Defendants served written discovery on Plaintiff. *See* 28 U.S.C. § 1446(a); *White v. FCI USA, Inc.*, 310 F.3d 672, 675 (5th Cir. 2003) (considering plaintiff's discovery responses to determine amount in controversy).

In *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002), the court discussed the second paragraph of § 1446(b)[2] and then held that the information supporting removal in a copy of an amended pleading, motion, order, or other paper must be "unequivocally clear and certain" to start the time limit for notice of removal. Upon receipt of Plaintiff's discovery responses, it became unequivocally clear and certain that Plaintiff's claims are not limited to less than $75,000 as pled. It is evident that Plaintiff is not serious in pleading that damages will not exceed $75,000 as her responses to Requests for Admissions demonstrate a refusal to comport with her pleadings. [Exhibit 3]. Plaintiff argues that to seek admissions regarding her damages would be premature or unfair and that Defendant desires to extract a "guess" to the future condition of the lawsuit. [Motion to Remand, p 5]. It seems more appropriate that the labels of "premature," "unfair," and "guess"

---

[2]Relying on Webster's Dictionary, the court stated that "ascertain" means to "make certain, exact, or precise" or "to find out or learn with certainty." *Bosky*, 288 F.3d at 211.

should be attached to Plaintiff's initial pleadings that seek to manipulate the forum by affirmatively pleading that her damages are not more than $75,000.00.

Furthermore, in her disclosures, Plaintiff calculated her lost wages to that point as being $19,136 with the value of her future lost wages, loss of benefits, and loss of credit undetermined at that time. [Exhibit 4]. She also states that her future medical bills, future lost wages, loss of benefits and loss of credit damages are <u>undetermined</u> in April of 2008. *Id.* With the discovery responses Plaintiff has made it unequivocally clear for the first time that her damages are not below the minimum amount for this Court to exercise diversity jurisdiction.

Plaintiff argues that her answers in the Request for Admissions cannot be introduced as evidence of a party's denial or refusal to admit a fact and therefore, Defendants cannot prove that the amount in controversy exceeds $75,000. [Motion to Remand, pp. 4-5]. Plaintiff misstates the issue, however, as this is not an evidentiary issue. Plaintiff's discovery responses constitute "other paper" from which it may be ascertained that the case has become removable. Indeed, other courts have found a plaintiff's denial or refusal to admit or deny in a request for admission to constitute "other paper" under § 1446(b). *See Freeman*, 984 F.Supp. at 447 (plaintiff denied damages exceeded $75,000 and stated request was premature); *Johnson v. Dillard Dept. Stores, Inc*, 836 F. Supp. 390, 393-95 (N.D. Tx. 1993). Therefore, Plaintiff's Motion to Remand must be dismissed.

**B.     Improper Joinder**

*1.     Standard*

To show improper joinder, a defendant must prove either (1) actual fraud in the pleading of jurisdictional facts; or (2) that the plaintiff cannot establish a cause of action against the non-diverse defendant in state court. *Laroquette v. Cardinal Health 200, Inc.*, 466 F3d. 373, 376 (5th Cir. 2006)

(citing *Smallwood v. Illinois Cent. R. Co.*, 385 F3d. 568, 572 (5th Cir. 2004)).  Defendants in the

instant case do not allege any actual fraud in Plaintiff's Original Petition, so only the second test

applies.  Accordingly, Defendants must show that "there is no reasonable basis for the district court

to predict that the plaintiff might be able to recover against an in-state defendant." *Laroquette*, 466

F3d. at 376 (quoting *Smallwood*, 385 F3d. at 573).

   2.  *Plaintiff Has Improperly Joined Monica Larios as a Defendant to Defeat Diversity*
        *Jurisdiction*

   On April 17, 2008, Plaintiff amended her petition to add Larios as a defendant solely to

defeat complete diversity for removal purposes.  Since Plaintiff has failed to state a claim upon

which relief can be granted against Larios, her joinder in this case is improper.[3]  As set forth in

Defendants' Notice of Removal, Plaintiff's First Amended Petition does not differentiate between

K+N and Larios when using the term "Defendant." [Exhibit 5, p. 3; Exhibit 2].  It is clear, and

Plaintiff does not argue, that Plaintiff cannot sue Larios under Chapter 21 because Larios is not an

employer under the Texas Labor Code.  Therefore, Plaintiff must be suing Larios for negligent

training and supervision.  Plaintiff, however, merely changed the caption of the lawsuit and did not

make any substantive changes to her First Amended Petition.  Consequently, Plaintiff's confusing

Amended Petition alleges acts or omissions against Monica Larios for failing to control, counsel,

investigate, or supervise herself.

   Plaintiff seems to contend that an employee can be sued for failing to train and supervise

herself.  Defendants are aware of no case that supports such a preposterous outcome, and Plaintiff

---

   [3]A court may conduct a Rule 12(b)(6)-type analysis to determine whether the complaint
states a claim under state law against the in-state defendant. *Smallwod*, 385 F.3d at 573.

has cited to none. Plaintiff cites *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996) to argue that negligence claims may be brought against officers and managers in their individual capacity in the employment context. That may very well be true, but *Leitch* does not stand for the proposition that a person can be sued for failing to train and supervise herself. *Employers* have a duty to adequately hire, train, and supervise employees, but because Larios was not Plaintiff's employer, there is no possibility that Plaintiff can recover from Larios on such a claim. *Castillo v. Gared, Inc.*, 1 S.W.3d 781, 786 (Tex. App.–Houston [1st Dist.] 1999, pet. denied). *See also Verinakis v. Medical Profiles, Inc.*, 987 S.W.2d 90, 97 n.4 (Tex. App.–Houston [14th Dist.] 1998, pet. denied).

More importantly, Plaintiff cannot maintain a cause of action for negligent training and supervision against Larios because Plaintiff has not alleged an underlying common law tort. *Gonzales v. Willis*, 995 S.W.2d 729, 739 (Tex. App.–San Antonio 1999) (concluding that claims for negligent hiring, retention, training, and supervision require the existence of an underlying *common law* tort committed by the offending employee). Plaintiff's negligence claims against Larios must fail because she has not alleged an underlying common law tort committed by Larios. Plaintiff has only alleged sex and age-based discrimination, which are statutory claims not recognized under the common law. *Id.* It is undeniable that in failing to allege an underlying common law tort committed by Larios, Plaintiff cannot establish a legally cognizable injury under the common law, and thus, there is no possibility of recovery against Larios on any of her negligence claims. Accordingly, Larios was improperly joined in this lawsuit, and her presence should be disregarded in determining citizenship of the parties for purposes of diversity jurisdiction.

**D.  Conclusion**

Under the circumstances, in the interests of justice and in accordance with Fifth Circuit and

12307.08100/GISA/PLEA-1/1018525.1

9

Texas jurisprudence, Defendants ask that Plaintiff's Motion be denied.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas  79999-2800
(915) 533-4424
(915) 546-5360 (FAX)

By: _____
      CHARLES C. HIGH, JR.
      State Bar No. 09605000
      GERALD G. HOWARD
      State Bar No. 24032309

      Attorneys for Defendant KUEHNE + NAGEL
      INC.

And

MENDEL • BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas, 79912
(915) 587-7878
(915) 587-8808 Facsimile

By: _____ w/permission
      ROBERT L. BLUMENFELD
      State Bar No. 00783675
      Attorneys for Defendant Monica Larios

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Sam J. Legate, Scherr & Legate, PLLC, Counsel for Plaintiff, 109 N. Oregon, 12th Floor, El Paso, Texas 79901.

                                    _____
                                    GERALD G. HOWARD

12307.08100/GHOW/PLEA-1/1015011.1

IN THE DISTRICT COURT OF EL PASO COUNTY TEXAS
_210th_ JUDICIAL DISTRICT

| | | |
|---|---|---|
| ROSE E. PARGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2007- 3674 |
| | § | |
| KUEHNE + NAGEL, INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW ROSE E. PARGA (hereinafter called "Plaintiff") complaining of KUEHNE + NAGEL, INC. (hereinafter called "Defendant"), for a cause of action would respectfully show the Court as follows:

### I.

Discovery will be conducted in Level III.

### II.

Plaintiff is a resident of El Paso County, Texas.

Defendant KUEHNE + NAGEL, INC. is a New York Corporation, doing business in El Paso County, Texas, and may be served with process by serving its registered agent, CT Corporation System or any other officer or agent therein, at 350 N. St. Paul St., Dallas, Texas 75201.

### III.

### ADMINISTRATIVE PROCEDURES

ROSE E. PARGA has timely filed a charge of discrimination with the Texas Commission

**EXHIBIT**

**1**

on Human Rights within 180 days of the act or occurrence, thereby satisfying all administrative requirements for filing this suit.

## IV.

## FACTS

Plaintiff was employed in December, 2005, by Defendant, as an air export agent until February 26, 2007. During Plaintiff's employment with Defendant, under the Supervision of Maria Larios, she was subject to discrimination based on sex and age, and retaliated against. Plaintiff was retaliated against for having complained of discriminatory treatment from her supervisor.

## V.

## DISCRIMINATION

ROSE E. PARGA was unlawfully discriminated against beginning January 31, 2007 and continuing up until her termination, said date being February 26, 2007 in violation of Chapter 21, Texas Labor Code. Defendant's management knew or should have known of said conduct yet did not take prompt remedial action when it learned of the contract. Because of the Defendant's failure top act promptly, Plaintiff was subjected to retaliation as to unreasonable interfere with Plaintiff's work performance and create a hostile working environment. When Plaintiff reported the discrimination to her superiors, the events were not dealt with in a serious manner. Instead she was retaliated against and discharged.

## VI.

## NEGLIGENT TRAINING AND SUPERVISION

Plaintiff alleges that her injuries and damages were proximately caused by the negligent conduct of Defendant. Plaintiff's damages were proximately caused by one or more of the following acts or omissions on the part of Defendant:

1.   Negligent training of employees on harassment.

2.   Failure to control MARIA LARIOS.

3.   Failure to take action against employees who harass others.

4.   Failing to properly investigate MARIA LARIOS

5.   Failing to counsel MARIA LARIOS.

6.   Allowing MARIA LARIOS to work without supervision when they knew of
     her propensities to harass other employees.

7.   Failing to institute a no tolerance policy for discrimination.

8.   Other acts of negligence.

One or more of the foregoing acts or omissions of Defendant constituted negligence which
negligence was a proximate cause of the injuries to Plaintiff made the basis of this cause of action.

## VII.

### DAMAGES

Because of Defendant's wrongful conduct, ROSE E. PARGA has suffered damages in excess
of the minimum jurisdictional limits of this court.  These damages include, but are not limited to,
back pay, front pay, compensatory damages for mental anguish, emotional distress, all in the past
and which will in all reasonable probability occurring the future.  ROSE E. PARGA  asks that the
jury set the amount of her damages.  ROSE E. PARGA also seeks punitive damages because
Defendant acted with malice or with a wanton and willful disregard for the rights of ROSE E.
PARGA. Plaintiff's alleges that her damages do no exceed $75,000 exclusive on interest and costs.

## X.

### ATTORNEY'S FEES

ROSE E. PARGA seeks attorney's fees to the extent she is the prevailing party.

## XI.

### JURY DEMAND

Plaintiff respectfully requests trial by jury of the issues in this case.

## XII.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that upon final hearing she obtain judgment providing her with all compensatory damages sought herein, punitive damages, pre-judgment interest, post-judgment interest, attorney's fees, costs of court, and such other relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**SCHERR & LEGATE, P.L.L.C.**
Attorneys for Plaintiff
109 North Oregon, 8th Floor
El Paso, Texas  79901
(915) 544-0100
(915) 532-1759 (Facsimile)

**MICHAEL R. WYATT**
Tex Bar No.: 22092980

em:W:\Parga, Rose\pleading\Petition\lawsuit.wpd

IN THE DISTRICT COURT OF EL PASO COUNTY
210TH JUDICIAL DISTRICT

| | | |
|---|---|---|
| ROSE E. PARGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2007-3674 |
| | § | |
| KUEHNE + NAGEL, INC., | § | |
| and MONICA LARIOS, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW ROSE E. PARGA (hereinafter called "Plaintiff") complaining of KUEHNE + NAGEL, INC. (hereinafter called "Defendant"), and MONICA LARIOS (hereinafter called "Defendant LARIOS"), and for a cause of action would respectfully show the Court as follows:

### I.

Discovery will be conducted in Level III.

### II.

Plaintiff is a resident of El Paso County, Texas.

Defendant KUEHNE + NAGEL, INC. is a New York Corporation, doing business in El Paso County, Texas, and may be served with process by serving its registered agent, CT Corporation System or any other officer or agent therein, at 350 N. St. Paul St., Dallas, Texas 75201.

MONICA LARIOS, may be served with process at 1325 Pendale Road, El Paso, Texas 79936 or where ever she may be found.

EXHIBIT
2

## III.

## ADMINISTRATIVE PROCEDURES

ROSE E. PARGA has timely filed a charge of discrimination with the Texas Commission on Human Rights within 180 days of the act or occurrence, thereby satisfying all administrative requirements for filing this suit.

## IV.

## FACTS

Plaintiff was employed in December, 2005, by Defendant, as an air export agent until February 26, 2007. During Plaintiff's employment with Defendant, under the Supervision of Monica Larios, she was subject to discrimination based on sex and age, and retaliated against. Plaintiff was retaliated against for having complained of discriminatory treatment from her supervisor.

## V.

## DISCRIMINATION

ROSE E. PARGA was unlawfully discriminated against beginning January 31, 2007 and continuing up until her termination, said date being February 26, 2007 in violation of Chapter 21, Texas Labor Code. Defendant's management knew or should have known of said conduct yet did not take prompt remedial action when it learned of the contract. Because of the Defendant's failure top act promptly, Plaintiff was subjected to retaliation as to unreasonable interfere with Plaintiff's work performance and create a hostile working environment. When Plaintiff reported the discrimination to her superiors, the events were not dealt with in a serious manner. Instead she was retaliated against and discharged.

## VI.

## NEGLIGENT TRAINING AND SUPERVISION

Plaintiff alleges that her injuries and damages were proximately caused by the negligent conduct of Defendant. Plaintiff's damages were proximately caused by one or more of the following acts or omissions on the part of Defendant:

1. Negligent training of employees on harassment.

2. Failure to control MONICA LARIOS.

3. Failure to take action against employees who harass others.

4. Failing to properly investigate MONICA LARIOS

5. Failing to counsel MONICA LARIOS.

6. Allowing MONICA LARIOS to work without supervision when they knew of her propensities to harass other employees.

7. Failing to institute a no tolerance policy for discrimination.

8. Other acts of negligence.

One or more of the foregoing acts or omissions of Defendant constituted negligence which negligence was a proximate cause of the injuries to Plaintiff made the basis of this cause of action.

## VII.

## DAMAGES

Because of Defendant's wrongful conduct, ROSE E. PARGA has suffered damages in excess of the minimum jurisdictional limits of this court. These damages include, but are not limited to, back pay, front pay, compensatory damages for mental anguish, emotional distress, all in the past and which will in all reasonable probability occurring the future. ROSE E. PARGA asks that the jury set the amount of her damages. ROSE E. PARGA also seeks punitive damages because

Defendant acted with malice or with a wanton and willful disregard for the rights of ROSE E.

PARGA. Plaintiff's alleges that her damages do no exceed $75,000 exclusive on interest and costs.

## X.

### ATTORNEY'S FEES

ROSE E. PARGA seeks attorney's fees to the extent she is the prevailing party.

## XI.

### JURY DEMAND

Plaintiff respectfully requests trial by jury of the issues in this case.

## XII.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to

appear and answer, and that upon final hearing she obtain judgment providing her with all

compensatory damages sought herein, punitive damages, pre-judgment interest, post-judgment

interest, attorney's fees, costs of court, and such other relief to which Plaintiff may show herself

justly entitled.

Respectfully submitted,

SCHERR & LEGATE, P.L.L.C.
Attorneys for Plaintiff
109 North Oregon, 8th Floor
El Paso, Texas  79901
(915) 544-0100
(915) 532-1759 (Facsimile)

SAM J. LEGATE
Tex Bar No.: 12166600

## CERTIFICATE OF SERVICE

I hereby certify that on this ___17___ day of ___April___, 2008, a true and correct copy of the foregoing was delivered to:

Charles C. High, Jr.
Attorney at Law
221 North Kansas, Suite 1700
El Paso, Texas 79901

_____
**SAM J. LEGATE**

IN THE DISTRICT COURT OF EL PASO COUNTY
210TH JUDICIAL DISTRICT

| | | |
|---|---|---|
| ROSE E. PARGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2007-3674 |
| | § | |
| KUEHNE + NAGEL, INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S RESPONSE TO REQUEST FOR ADMISSION

COMES NOW **ROSE E. PARGA,** Plaintiff in the above entitled and numbered cause and

files this her Response to Request for Admissions as propounded to her by **KUEHNE + NAGEL,**

**INC.,** Defendant, in numerical order as follows:

**REQUEST NO. 1:** Admit or deny that you are seeking damages that exceed $75,000.00,
including punitive damages, exclusive of interest and costs.
**RESPONSE:**
Deny.  Plaintiff further objects because this request is premature or unfair because the party will not
know not know the answer until discovery is completed.  See Texas Rules of Civil Procedure 193.1.

**REQUEST NO. 2:** Admit or deny that you are seeking damages that will never rise above
$75,000.00, including punitive damages, exclusive of interest and costs.
**RESPONSE:**
Plaintiff cannot admit nor deny.  Plaintiff further objects because this request is premature or unfair
because the party will not know not know the answer until discovery is completed.  See Texas Rules
of Civil Procedure 193.1.

**REQUEST NO. 3:** Admit or deny that you will never amend your pleadings in this case to seek
damages that exceed $75,000.00, including punitive damages, exclusive of interest and costs.
**RESPONSE:**
Plaintiff cannot admit nor deny.  Plaintiff further objects because this request is premature or unfair
because the party will not know not know the answer until discovery is completed.  See Texas Rules
of Civil Procedure 193.1.

**REQUEST NO. 4:** Admit or deny that you will direct your attorney to sign a stipulation that you
will never amend your pleadings in this case to seek damages that exceed $75,000.00, including
punitive damages, exclusive of interest and costs.
**RESPONSE:**
Plaintiff cannot admit nor deny.  Plaintiff further objects because this request is premature or unfair

EXHIBIT
3

because the party will not know not know the answer until discovery is completed. See Texas Rules of Civil Procedure 193.1.

**REQUEST NO. 5:** Admit or deny that you will never ask a jury to award damages that exceed $75,000.00, including punitive damages, exclusive of interest and costs.
**RESPONSE:**
Plaintiff cannot admit nor deny. Plaintiff further objects because this request is premature or unfair because the party will not know not know the answer until discovery is completed. See Texas Rules of Civil Procedure 193.1.

**REQUEST NO. 6:** Admit or deny that you will direct your attorney to sign a stipulation that you will never ask a jury to award damages that exceed $75,000.00, including punitive damages, exclusive of interest and costs.
**RESPONSE:**
Plaintiff cannot admit nor deny. Plaintiff further objects because this request is premature or unfair because the party will not know not know the answer until discovery is completed. See Texas Rules of Civil Procedure 193.1.

**REQUEST NO. 7:** Admit or deny that you will accept no more than $75,000.00 in full and complete satisfaction of any judgment rendered in this case, including punitive damages but exclusive of interest and costs, regardless of the amount awarded in any such judgment.
**RESPONSE:**
Plaintiff cannot admit nor deny. Plaintiff further objects because this request is premature or unfair because the party will not know not know the answer until discovery is completed. See Texas Rules of Civil Procedure 193.1.

**REQUEST NO. 8:** Admit or deny that you were an employee at will.
**RESPONSE:**
Admit

**REQUEST NO. 9:** Admit or deny that you were in the course and scope of your employment when you suffered the injuries you allege in your Original Petition.
**RESPONSE:**
Admit.

**REQUEST NO. 10:** Admit or deny that you were covered by Defendant's workers' compensation insurance at the time you suffered the injuries you allege in your Original Petition.
**RESPONSE:**
Deny.

Respectfully submitted,

SCHERR & LEGATE, PLLC
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas  79901
(915) 544-0100 voice
(915) 532-1759 facsimile


**RAYMOND MARTINEZ**
Texas Bar No. 24002537

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of _____, 2008, a true and correct copy of the foregoing was delivered to:

Charles C. High, Jr.
Attorney at Law
221 North Kansas, Suite 1700
El Paso, Texas 79901


**RAYMOND MARTINEZ**

IN THE DISTRICT COURT OF EL PASO COUNTY
210TH JUDICIAL DISTRICT

| | | |
|---|---|---|
| ROSE E. PARGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2007-3674 |
| | § | |
| KUEHNE + NAGEL, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO REQUEST FOR DISCLOSURE**

COMES NOW **ROSE E. PARGA,** Plaintiff in the above entitled and numbered cause

and files this her Response to Disclosure as propounded to her by **KUEHNE + NAGEL, INC.,**

Defendant, in numerical order as follows:

(a)     The correct names of the parties to the lawsuit.

Rose Parga-Plaintiff
Kuehne and Nagel, Inc.-Defendant

(b)     The name, address, and telephone number of any potential parties.

None known to Plaintiff at this time other than the named Defendants.

(c)     The legal theories and, in general, the factual bases of your claims or defenses (you need
not martial all evidence that may be offered at trial.)

Plaintiff was employed in December, 2005, by Defendant, as an air export agent until
February 26, 2007. During Plaintiff's employment with Defendant, under the Supervision of
Maria Larios, she was subject to discrimination and retaliated against. Plaintiff was retaliated
against for having complained of discriminatory treatment from her supervisor.
ROSE E. PARGA was unlawfully discriminated against beginning during her
employment and continuing up until her termination, said date being February 26, 2007 in
violation of Chapter 21, Texas Labor Code. Defendant's management knew or should have
known of said conduct yet did not take prompt remedial action when it learned of the contract.
Because of the Defendant's failure top act promptly, Plaintiff was subjected to retaliation as to
unreasonable interfere with Plaintiff's work performance and create a hostile working
environment. When Plaintiff reported the discrimination to her superiors, the events were not
dealt with in a serious manner. Instead she was retaliated against and discharged.



EXHIBIT
4

(d)     Pursuant to Rule 194.2(d), disclose the amount and any method of calculating economic damages.

Plaintiff's future medical bills are undetermined at this time. Plaintiff has approximately $19,136 in lost wages. Plaintiff was making $10.40 per hour and missed approximately 46 weeks from work. $10.40 x 40 = $416.00 x 46 weeks missed to date = $19,136 in lost wages. Plaintiff's future lost wages, loss of benefits, and loss of credit reputation are undetermined at this time.

(e)     The name address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

Rose E. Parga
440 Valle Los Coronados
El Paso, Texas 79924
(915)494-5039
Plaintiff, Will testify as to Defendant's wrongful termination, discrimination and damages.

Monica Larios-Branch Manager
Jair Barraza-Operations Manager
Allen O'Quin
Cesar Morales
Horacio Herbert Tena
David Patterson
Silvia Caldon-Human Resources Director
Mary Boruch-Human Resources
Cristina Ortiz
George Avalos
Lupe Gamboa
Joana Rodallegos
Anna Orozco
Myrna
Rene Arredondo
Alex Marquez
Mark Hendrickx
Mila Malicki
Robert Cieslik
Laura Avalos
Miguel Avalos
Joanna Carreon
Jaime Salcedo
Irene De Santos
Rolf Rindlisbacher
Eric Peterson
Marcelo Riso-Air Import Department

Silvana Cruz-Import Supervisor
Stella Bellich
James M. McGuire
Jim McGuire
Jose Julian Lopez-Airfreight Operations
Oscar Arras
Pedro Lopez
Ruben Gonzalez
Andrew Norris
Michael Rafler
Hilda Atanazio-Customer Desk
Eliza Rodriguez De La Garza
Uwe Ellerhorst
Edmond Harrison
Fermin Lara
Sylvia Santacruz
Elizabeth Gill
Todd Doody
Kevin Woodin
Lisa Rizzo
Eve Gugala
Rick Delapaz
Alejandro Marquez
Personnel, employees and custodian of records of:
Kuehne + Nagel, Inc.
350 N. Paul St.
Dallas, Texas 75201
Defendant, Will testify as to Defendant's wrongful termination, discrimination and damages.

Sandra Cox
Katherine S. Perez-ADR Coordinator
Teresa Tena-Anchondo-Area Director
Personnel, employees and custodian of records of:
U.S. Equal Employment Opportunity Commission
300 E. Main Dr. Ste. 500
El Paso, Texas 79901
(915)534-6700
EEOC and directors, investigators and personnel will testify a to adequate and reasonable
policies, practices and procedures to implement and monitor to ensure that managers, supervisory
workers and employees comply with stated company policies of non-discrimination and
retaliation and not engage in wrongful employment practices in violation of state law.


Officers, Investigators, Personnel, employees and custodian of records of:

Texas Workforce Commission
P.O. Box 562
El Paso, Texas 79944-0521
TWC and directors, investigators and personnel will testify a to adequate and reasonable policies, practices and procedures to implement and monitor to ensure that managers, supervisory workers and employees comply with stated company policies of non-discrimination and retaliation and not engage in wrongful employment practices in violation of state law.

Treena Gilmore-Claim Service Representative
Tracey Conner-Claim Service Representative
Personnel, employees and custodian of records of:
ADP Unemployment Group
10101 Woodfield Lane
St. Louis, MO 63132
Will testify as to Defendant's wrongful termination, discrimination and damages.

And any other person or expert:

(a)   who has been or will be named by any party in any answer to interrogatory.
(b)   whose name appears on any document which has been or will be produced by any party in any response to request for production.
(c)   whose name is reflected in any document which has been or will be obtained through the use of medical authorization.
(d)   whose name is reflected in any document which has been or will be submitted to the Court by affidavit.
(e)   whose name is reflected in any document which has been or will be subpoenaed by any party.
(f)   whose name appears in the transcript of any deposition taken in this matter.
(g)   whose name is reflected in any document which has been or will be attached to the transcript of any deposition.

(f)   For any testifying expert:

(1)   The expert's name, address and telephone number;
(2)   The subject matter on which the expert will testify;

Non-Retained Experts

Sandra Cox
Katherine S. Perez-ADR Coordinator
Teresa Tena-Anchondo-Area Director
Personnel, employees and custodian of records of:
U.S. Equal Employment Opportunity Commission
300 E. Main Dr. Ste. 500
El Paso, Texas 79901
(915)534-6700
EEOC and directors, investigators and personnel will testify a to adequate and reasonable
policies, practices and procedures to implement and monitor to ensure that managers, supervisory
workers and employees comply with stated company policies of non-discrimination and
retaliation and not engage in wrongful employment practices in violation of state law.

Officers, Investigators, Personnel, employees and custodian of records of:
Texas Workforce Commission
P.O. Box 562
El Paso, Texas 79944-0521
TWC and directors, investigators and personnel will testify a to adequate and reasonable policies,
practices and procedures to implement and monitor to ensure that managers, supervisory workers
and employees comply with stated company policies of non-discrimination and retaliation and
not engage in wrongful employment practices in violation of state law.

Treena Gilmore-Claim Service Representative
Tracey Conner-Claim Service Representative
Personnel, employees and custodian of records of:
ADP Unemployment Group
10101 Woodfield Lane
St. Louis, MO 63132
Will testify as to Defendant's wrongful termination, discrimination and damages.

(3)     The general substance of the expert's mental impressions and opinions and a brief
summary of the basis for them, or if the expert is not retained by, employed by, or
otherwise subject to your control, the documents reflecting such information.

Experts have not been designated.

(4)     If the expert is retained by, employed by, or otherwise subject to your control:

(a)     All documents, tangible things, reports, models, or data compilations that
have been provided to, reviewed by, or prepared by or for the expert in
anticipation of the expert's testimony; and

(b)     The expert's current resume and bibliography.

None in Plaintiff's possession at this time.

(g)     Any indemnity and insuring agreements described in Rule 192.3(f).

I have made no agreements.

(h)     Any settlement agreements described in Rule 192.3(g).

I have made no agreements.

(i)     Any witness statements described in Rule 192.3(h)

None in my possession, except as produced in discovery by Defendant and others.

(j)     If you are alleging physical or mental injury and damages from the occurrence that is the subject of this case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills (a form authorization has been attached for Plaintiff's signature.)

        Plaintiff has provided his/her own authorization(s) attached hereto.

(k)     If you are alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by requesting party.

        Plaintiff has provided his/her own authorization(s) attached hereto.

(l)     The name, address, and telephone number of person who may be designated as a responsible third party.

        None known to Plaintiff at this time other than the named Defendants.

                        Respectfully submitted,

                        SCHERR & LEGATE, PLLC
                        Attorneys for Plaintiff
                        109 N. Oregon, 12th Floor
                        El Paso, Texas  79901
                        (915) 544-0100 voice
                        (915) 532-1759 facsimile


                        RAYMOND MARTINEZ
                        Texas Bar No. 24002537

### CERTIFICATE OF SERVICE

    I hereby certify that on this _____ day of _____, 2008, a true and correct copy of the foregoing was delivered to:

Charles C. High, Jr.
Attorney at Law
221 North Kansas, Suite 1700
El Paso, Texas 79901


_____
RAYMOND MARTINEZ

FILED

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

2008 APR 29   AM 10: 49

CLERK OF DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

ROSE E. PARGA,                          §
                                        §
          Plaintiff,                    §
                                        §
v.                                      §
                                        §          JUDGE FRANK MONTALVO
                                        §
KUEHNE + NAGEL INC.                     §
and MONICA LARIOS,                      §
                                        §          EP08CA0144
          Defendants.                   §

## NOTICE OF REMOVAL

Defendants KUEHNE + NAGEL INC. ("K+N") and MONICA LARIOS ("Larios") file this

Notice of Removal, removing Cause No. 2007-3674 from the 210th District Court, El Paso County,

Texas, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  The grounds for removal of this

lawsuit are as follows:

### Procedural Background

1.       Plaintiff Rose E. Parga filed an Original Petition in this cause on August 8, 2007, in the 210th

District Court, El Paso County, Texas, styled *Rose E. Parga v. Kuehne + Nagel, Inc.*, No. 2007-

3674. Plaintiff's Original Petition is included with the state court process, pleadings, and orders

enclosed.  Service of Plaintiff's Original Petition was received on behalf of K+N by CT Corporation

System, on August 29, 2007.  K+N timely filed its Special Exceptions and Original Answer in state

court which is included with the state court pleadings enclosed.

2.       In her Original Petition, Plaintiff sued only K+N, bringing two causes of action: one for

discrimination in violation of Chapter 21 of the Texas Labor Code; and one for negligent hiring and

EXHIBIT

tabbies

5

supervision of her former supervisor, Monica Larios. Plaintiff affirmatively pled that her damages did not exceed $75,000.00 exclusive of interest and costs.

3.      On April 17, 2008, Plaintiff filed her First Amended Petition, which is included with the state court pleadings enclosed. In her First Amended Petition, Plaintiff adds Monica Larios as a Defendant and alleges that she may be served with process at 1325 Pendale Road, El Paso, Texas, or wherever she may be found. Otherwise, the allegations, claims, causes of action, and requested relief are word-for-word identical to those in her Original Petition, including her averment that her damages do not exceed $75,000.00 exclusive of interest and costs. Counsel for Larios accepted service on her behalf on or about April 24, 2008. Larios timely filed her Original Answer in state court on April 28, 2008.

### DIVERSITY JURISDICTION

#### *Citizenship*

4.      The District Courts of the United States have jurisdiction over this action based on complete diversity between the Parties. K+N is now, and was at the time the action was commenced, diverse in citizenship from Plaintiff. Plaintiff, by information and belief and according to her Original Petition and her First Amended Petition, resides in El Paso County, Texas, so is a citizen of the State of Texas.

5.      K+N is incorporated in the State of New York and has its principal place of business in the State of New Jersey, so is a citizen of the States of New York and New Jersey for diversity jurisdiction purposes. Thus, Plaintiff and K+N are citizens of different states.

6.      Larios is an individual who resides in El Paso County, Texas and is a citizen of the State of Texas. However, it is apparent from the face of Plaintiff's First Amended Petition that Plaintiff has

12307.08100/GHOW/PLEA-1/1015011.1

2

failed to state a claim against Larios.  Therefore, Larios has been improperly joined in this case to

defeat diversity jurisdiction, and her citizenship must be disregarded for purposes of removal.

*Laroquette v. Cardinal Health 200, Inc.*, 466 F3d. 373, 375-76 (5th Cir. 2006) (citing *Smallwood

v. Illinois Cent. R. Co.*, 385 F3d. 568, 572 (5th Cir. 2004)).

In her First Amended Petition, Plaintiff alleges she was employed by "Defendant" and

subjected to discrimination and retaliation during her employment with "Defendant" while she was

"under the Supervision [sic] of Monica Larios." [First Amended Petition, Section IV].  She then

brings one claim of discrimination pursuant to Chapter 21 of the Texas Labor Code for

discrimination, making allegations against "Defendant's" management and as to "Defendant's"

failures. [First Amended Petition, Section V].  Plaintiff does not specify the "Defendant" against

whom she is making her allegations or stating her Chapter 21 claim.  However, Plaintiff made

identical claims in her Original Petition when the only defendant was K+N, clearly indicating that

Plaintiff was employed by K+N and Larios was her supervisor, not her employer.  Accordingly,

Larios is not an employer under the Texas Labor Code so she cannot be held individually liable for

discrimination under Chapter 21.  *Medina v. Ramsey Steel Co., Inc.*, 238 F3d. 674, 686 (5th Cir.

2001) (citations omitted).  Even if Larios was Plaintiff's employer, Plaintiff never filed a charge of

discrimination against Larios and has therefore failed to exhaust her administrative remedies and any

Chapter 21 claim would be barred.  TEX. LAB. CODE ANN. §§ 21.201, 21.202 (Vernon 2006).

Therefore, Plaintiff cannot state a claim under the Texas Labor Code against Larios.

Plaintiff also includes a claim for negligent training and supervision.  Once again, she focuses

on the conduct of "Defendant," and acts or omissions of "Defendant," without saying against whom

she is bringing the claim, and her words are identical to those in her Original Petition. [First

Amended Petition, Section VI]. She does, however, specify that at least half of the alleged acts or omissions were failures to control, counsel, investigate or supervise Monica Larios. Accordingly, it appears from the face of Plaintiff's First Amended Petition that her negligent training and supervision claim is against K+N for allegedly not properly training or supervising Larios, and that she is not stating this claim against Larios.

If Plaintiff is attempting to state a claim for negligent training and supervision against Larios, there is no possibility that Plaintiff can sustain such a claim. Negligent training and supervision claims may only be asserted against an employer who hires the alleged employee-wrongdoer. *See Verinakis v. Medical Profiles, Inc.*, 987 S.W.2d 90, 97 n. 4 (Tex. App.–Houston [14th Dist.] 1998, pet. denied]. Larios was not Plaintiff's employer and certainly cannot be sued for any negligence on the part of K+N in her own training or supervision.

7.      Because Plaintiff and K+N are citizens of different states, and Larios' citizenship is disregarded for purposes of removal, diversity of citizenship is complete.

*Amount in Controversy*

8.      In her First Amended Petition, Plaintiff demands damages for front pay and benefits, back pay and benefits, and past and future compensatory damages, along with punitive damages under Chapter 21 of the Texas Labor Code and other exemplary damages. [First Amended Petition, Sections VII and XII]. Where it is "facially apparent" that the claims probably exceed $75,000.00 exclusive of interests and costs, the amount in controversy requirement of $75,000.00 for diversity jurisdiction is met. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). By virtue of the types of damages sought, it would be facially apparent that the claims exceed $75,000.00. Based on the number of persons

12307.08100/GHOW/PLEA-1/1015011.1

4

employed by K+N, it could be liable for up to $300,000.00 in punitive damages alone. TEX. LAB. CODE ANN. § 21.2585(d) (Vernon 2006). Plaintiff, however, affirmatively pled that her damages do not exceed $75,000.00, rendering Plaintiff's Original Petition and her First Amended Petition not removable on their faces. 28 U.S.C. §§ 1332, 1441.

However, on April 18, 2008, one day after she added Larios as a defendant, Plaintiff responded to requests for admissions propounded earlier by K+N. The requests were specifically focused on learning the true nature of Plaintiff's damages claims and the amount in controversy in this case. Plaintiff's responses are attached as Exhibit 1 to this Notice of Removal. Clearly contradicting the damages limitation in her pleadings, Plaintiff refuses to admit in her responses that her damages, including punitive damages, will not exceed $75,000.00 at some point in this litigation. She further refuses to admit that she will not amend her petition to seek damages in excess of $75,000.00 at some future date, for example, one year and a few days after the one year limitation in 28 U.S.C. § 1446(b) expires. Nor will she admit that she will direct her attorney to stipulate that she will never amend to increase her damages claim, or that she will never ask a jury to award damages that exceed $75,000.00, or that she will accept no more than $75,000.00 in a damages award. In fact, Plaintiff goes so far as to object to the requests because she will not know the answer to the requests until discovery is complete.

In short, it is now crystal clear based on her responses to requests for admissions that Plaintiff is wholly uncommitted to the limitation on damages she pled in her Original Petition and in her First Amended Petition, and that Plaintiff's pleading that her damages do not exceed $75,000.00 is not made in good faith and is made instead only for the purpose of frustrating K+N's right to remove the case to this Court. Plaintiff's responses are the first paper received by Defendants that make it

12307.08100/GHOW/PLEA-1/1015011.1

5

ascertainable that the amount in controversy is in excess of the jurisdictional minimum of $75,000.00 for the Court to exercise diversity of citizenship jurisdiction. This Notice is filed within 30 days of receipt of Plaintiff's responses, and less than one year from the day the case was filed, so removal is timely. 28 U.S.C. § 1446(b).

9.   Accordingly, because this civil action is wholly between citizens of different states, and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, this Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a)(1), and this action is removable pursuant to 28 U.S.C. § 1441. Nothing contained in this paragraph or this Notice of Removal shall be construed to concede that any amount is or will be owing to Plaintiff, or that it is appropriate or justified for Plaintiff to seek any particular amount of damages.

### PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURE

10.   This Notice of Removal is filed within 30 days after receipt by Defendants, through service or otherwise, of a copy of a paper from which it may first be ascertained that the case has become removable and is timely filed under 28 U.S.C. § 1446(b).

11.   Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

12.   Defendants KUEHNE + NAGEL INC. and MONICA LARIOS, the removing parties, will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d), and will promptly file a copy of this Notice of Removal with the Clerk of the 210th District Court, El Paso County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

13.    A true and correct copy of all process, pleadings, and orders filed and served upon Defendants KUEHNE + NAGEL INC. and MONICA LARIOS in the state court action is being filed with this notice as required by 28 U.S.C. § 1446(a) and attached hereto.

WHEREFORE, Defendants KUEHNE + NAGEL INC. and MONICA LARIOS, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove the case styled *Rose E. Parga v. Kuehne + Nagel, Inc.*, No. 2007-3674, from the 210th District Court, El Paso County, Texas, on this **29th** day of April, 2008.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas  79999-2800
(915) 533-4424
(915) 546-5360  (FAX)

By: _____
CHARLES C. HIGH, JR.
State Bar No. 09605000
GERALD G. HOWARD
State Bar No. 24032309

Attorneys for Defendant KUEHNE + NAGEL INC.

And

MENDEL • BLUMENFELD, LLP
5809 Acacia Circle
El Paso, Texas, 79912
(915) 587-7878
(915) 587-8808 Facsimile

By: _____ w/ permission
ROBERT L. BLUMENFELD
State Bar No. 00783675
Attorneys for Defendant Monica Larios


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was served by CERTIFIED MAIL, RETURN RECEIPT REQUESTED, on Plaintiff's attorney, Sam J. Legate, Scherr & Legate, PLLC, 109 N. Oregon, 12th Floor, El Paso, Texas 79901, on this _29th_ day of April, 2008.

_____
GERALD G. HOWARD

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROSE E. PARGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-08-CA-0144-FM |
| | § | |
| KUEHNE + NAGEL INC. | § | |
| and MONICA LARIOS, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

On this day, the Court considered Plaintiff Rose E. Parga's "Motion to Remand," filed in the above-captioned cause on May 29, 2008. Defendants Kuehne + Nagel Inc. and Monica Larios filed a Response on June 9, 2008. After due consideration of Plaintiff's Motion, Defendants' Response, and any reply filed by Plaintiff, the Court is of the opinion that the Motion to Remand should be denied for the reasons stated in Defendants' Response.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Rose E. Parga's "Motion to Remand" is **DENIED**.

**SIGNED** on this ___ day of _____, 2008.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

12307.08100/GISA/PLEA-1/1018715.1